NICHOLSON et al. v. SPRAGUE et al.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

ACTION ☞27—NATURE AND FORM—CONTRACT OR TORT.

A complaint alleging that a company knew that it was receiving stock which did not belong to it, that it failed to notify plaintiff of such facts, that it converted, withheld, and disposed of such stock to its own use, and that defendants had assumed all the corporate liabilities and were liable to plaintiff for the conversion, set out an action in tort for conversion; but the allegation of the defendants' assumption of liabilities meant only that they assumed the corporation's contractual liabilities, and not that they assumed liability for its tortious act, and hence no cause of action was stated against defendants.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. ☞27.]

Appeal from City Court of New York, Special Term.

Action by Angus K. Nicholson and Louis L. Winkelman, copartners doing business under the firm name and style of L. L. Winkelman & Co., against Charles S. Sprague and another. From an order overruling a demurrer to the complaint, defendants appeal. Reversed, and demurrers sustained, with leave to plead over.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Lewis Hopkins Rogers, of New York City, for appellants.
Leo J. Bondy, of New York City, for respondents.

COHALAN, J. The cause of action stated in the complaint is one for money damages, and the defendants demurred to it on these grounds: (1) That the court had no jurisdiction of the subject of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that on or about the 14th day of October, 1914, a corporation known as the Charles S. Sprague Company, stockbrokers, through mutual mistake secured 400 shares of the Jumbo

Extension Mining Company; that the mistake was called to the attention of the corporation and the return of the stock demanded; that the Charles S. Sprague Company refused to return the stock, but, on the contrary, retained the same, and converted it to its own use, to the damage of the plaintiffs in the sum of $1,500; that thereupon the defendants assumed all the liabilities of the corporation, and are liable for the conversion to the plaintiffs herein.   The plaintiffs assert that that the action is one in law to recover money, and that no equitable relief is sought.   The court at Special Term stated:

"If this were an action in tort, in my opinion, the demurrer would have to be sustained."

We are of the opinion that the complaint sets forth sufficiently a clear tortious act of the Charles S. Sprague Company, which in no way connects the individual defendants therewith; that it alleges that Charles S. Sprague Company knew it was receiving stock which did not belong to it; that it wholly failed to notify the plaintiff of said fact; and that, knowing said fact, the Charles S. Sprague Company converted, withheld, and disposed of said shares of stock to its own use.   A complaint alleging title to personal property in the plaintiffs, under a promise by the defendant to deliver it upon demand, and a demand and refusal, sets out an action in tort for conversion.   McIntyre v. Smathers, 118 App. Div. 776, 103 N. Y. Supp. 873.

In paragraph III it is alleged that the defendants took over the assets of Charles S. Sprague Company and assumed all the liabilities of said company.   This can mean nothing more than the contractual liabilities of the business.   It does not mean that the defendants assumed the liabilities for the tortious acts of Charles S. Sprague Company, and the complaint does not so allege.

The order is reversed, with $10 costs and disbursements, the demurrer sustained, with $10 costs, with leave to the plaintiffs to plead over within six days, upon payment of the costs in this court and in the court below.   All concur.